J. S. TURNER, Respondent, v. JOHN J. McCOOK et al., Receivers, Appellants.

Kansas City Court of Appeals, December 5, 1898.

1. **Passenger Carriers**: PLEADING: TRAIN: STOPPING AT PASSENGER'S DESTINATION. A complaint by a ticket holder for a wrongful ejectment must allege that under the rules of the carrier the train on which he took passage was required to stop at the station named in his ticket.

2. ———: ———: NEGLIGENT MISDIRECTION: EJECTMENT. A ticket holder who by the negligent misdirection of the carrier's servant enters a train not stopping at his destination has no right to continue passage on such train after informed by the conductor of the mistake and afforded a reasonable opportunity to leave and may be ejected from such train without malice and unnecessary force and can recover damages for the misdirection if properly alleged.

3. ———: ———: RECOVERY ON CAUSE ALLEGED: JUSTICES' COURTS. It is no more permissible to sue on one cause of action and recover on another in a justice's court than it is in a circuit court and a complaint against a carrier for malicious ejectment from its train will not permit a recovery for a negligent misdirection as to the proper train for the passenger to take.

4. ———: MALICIOUS EJECTMENT: INSTRUCTIONS. Instructions given in an action for malicious ejectment of plaintiff from defendant's train allowing a recovery on other ground than the one alleged in the complaint, are condemned.

*Appeal from the Carroll Circuit Court.*—HON. RALPH LOZIER, Special Judge.

REVERSED AND REMANDED.

GARDINER LATHROP, HALE & WHITEMAN and S. W. MOORE for appellants.

(1) The conductor was not bound to stop the train at Hardin even though an agent of the company, with authority so to do, had directed plaintiff to the train as one that would stop at that place. Sira v. Railroad, 115 Mo. 127; Logan v. Railroad, 77 Mo. 663; Marshall v. Railroad, 78 Mo. 610; Jackson v. Railway, 118 Mo. 199; Railroad v. Pierce, 3 Am. & Eng. R. R. Cases, 340; Railroad v. Gants, 38 Kan. 608; Wood's Railway Law, sec. 355. (2) If the conductor acted in good faith, with no malice toward plaintiff, and used only such force as was necessary to eject him, although mistaken as to his duty and plaintiff's right, plaintiff can not recover for alleged mortification for being ejected. Logan v. Railroad, *supra;* Claybrook v. Railroad, 19 Mo. App. 432; Townsend v. Railroad, 15 Am. Rep. 419; Gibson v. Railroad, 30 Fed. Rep. 904; Hall v. Railroad, 15 Fed. Rep. 57; Kellet v. Railroad, 22 Mo. App. 356; Railroad v. Guinan, 13 Am. & Eng. R. R. Cases, 37. (3) It was the duty of the conductor to comply with the rules and regulations of the company, and it was the duty of the plaintiff to accommodate himself to the company's regulations, and pursue his remedy, if any, by other means than by forcing the conductor to violate the rules and regulations of the company. Logan v. Railroad, 77 Mo. 669;

Sira v. Railroad, 115 Mo. 127; Marshall v. Railroad, 78 Mo. 610; Claybrook v. Railroad, 19 Mo. App. 432; Hall v. Railroad, 15 Fed. Rep. 57; Townsend v. Railroad, 15 Am. Rep. 345; Railroad v. Hinsdale, 16 Pac. Rep. 937; Railroad v. Pierce, 3 Am. and Eng. R. R. Cases, 340; Railroad v. Fleming, 18 Am. and Eng. R. R. Cases, 347; Frederick v. Railroad, 27 Mich. 297; Paine v. Railroad, 45 Iowa, 567; Railroad v. Nuzum, 50 Ind. 141; Railroad v. Gants, 38 Kan. 608; Railroad v. Bills, 104 Ind. 13; Bradshaw v. Railroad, 135 Mass. 407; Railroad v. Applewhite, 52 Ind. 540; Railroad v. Randolph, 53 Ill. 571; Duling v. Railroad, 66 Md. 120; Railroad v. Swarthout, 67 Ind. 567; Hutchinson on Carriers, sec. 580 g; Ray on Passenger Carriers, sec. 56.   (4) The petition does not state a cause of action, because it failed to aver that the train taken by plaintiff was accustomed to stop at Hardin, and because the action is based on alleged wrongful conduct of the conductor instead of the alleged misrepresentation of the brakeman.   Railroad v. Bills, 104 Ind. 13; Railroad v. Swarthout, 67 Ind. 567; Marshall v. Railroad, 78 Mo. 610; Logan v. Railroad, 77 Mo. 664; Sira v. Railroad, 115 Mo. 127; Railroad v. Gants, 38 Kan. 608.

VIRGIL CONKLING and RUSSELL KNEISLEY for respondent.

(1) Plaintiff's instructions numbered 1 and 2 correctly declared the law. McGinnis v. Railway, 21 Mo. App. 399; Harris' Damages by Corporations, sec. 545; Rouse v. Railway, 41 Mo. App. 303; Cherry v. Railway, 61 Mo. App. 316; Gates v. Railroad, 44 Mo. App. 489; Fenwick v. Bowling, 50 Mo. App. 516; Singer v. Dickneite, 51 Mo. App. 245; Miller v. Railway, 56 Mo. App. 72.   (2) Defendants' instructions numbered 4, 5 and 6 were properly

refused. Covey v. Railroad, 86 Mo. 636; Damhorst v. Railway, 32 Mo. App. 350; Mathews v. Railway, 63 Mo. App. 569; Rouse v. Railway, 41 Mo. App. 303; Cherry v. Railway, 61 Mo. App. 316. (3) Defendants' peremptory instruction was without the slightest foundation and hence properly refused. St. Clair v. Railway, 29 Mo. App. 77; Schultze v. Railway, 32 Mo. App. 438; Mathews v. Railway, 63 Mo. App. 569.

SMITH, P. J.—This is an action which was commenced before a justice of the peace. The statement, amongst other allegations, contained the following:

"Plaintiff states that on said 7th day of November, 1895, at the railroad depot of the defendants at Carrollton, Missouri, he purchased from defendants' station agent, a first-class ticket which was duly and officially stamped by said agent and which entitled him to passage as a passenger, over said railroad from said town of Carrollton, to said town of Hardin; that he purchased the same for passage on defendants' west bound passenger train No. 1, which passed through Carrollton at about the hour of ten forty-five A. M. on said day, which fact was to said station agent of defendants well known. That he had no knowledge whatever that said passenger train No. 3 was a limited train, and that it did not regularly stop at said town of Hardin.

"Plaintiff further states that upon the arrival of said passenger train at the town of Carrollton, he got upon the same for the purpose of taking passage to said town of Hardin; that at the time of getting upon said train, his said intention of riding to the said town of Hardin was to defendants' said station agent, and to defendants' servants and agents engaged in the management and operation of said train, well and fully known. That defendants' said servants and agents acting in the course and within the scope of their

employment, made inquiry of plaintiff as to his destination and permitted him to go upon said train, well knowing that he intended to ride to the said town of Hardin.

"Plaintiff states that after said train had left the town of Carrollton, the conductor in charge thereof, being one of the agents and servants of these defendants, upon examination of plaintiff's ticket, refused to carry plaintiff to the town of Hardin or to stop at said town of Hardin, to permit plaintiff to there leave said train, but wrongfully, unlawfully, maliciously and by force, ejected this plaintiff from said train at the town of Norborne, in Egypt township, in said Carroll county, thus permitting plaintiff to ride only one half of the distance from said town of Carrollton to the said town of Hardin.

"Plaintiff states that he paid for said ticket the sum of sixty cents, that by reason of being put off at the said town of Norborne, he was delayed in the transaction of his business, was caused trouble, expense and loss of time, and mortification and injury to his feelings, and that by reason of the premises and of the wrongful and malicious act of defendants' said servants and agents, he was damaged in the sum of two hundred and fifty dollars, for which he prays judgment."

It will be thus seen that the plaintiff's statement nowhere alleges that the train from which plaintiff was ejected was required to stop at Hardin, or that it habitually did so. The law seems to be well

PASSENGER carriers: pleading: train: stopping at passenger's destination.

settled to the effect that a complaint by a ticket holder for wrongful ejection must allege that under the rules of the company the train on which plaintiff took passage was required to stop at the station named in his ticket. 2 Wood's Railway Law, p. 1415; Railway v. Bells, 104

Ind. 13; Railway v. Swarthout, 60 Ind. 12. And where a ticket holder has purchased a ticket for passage and through the negligent mistake or misdirection of a servant of the company whose duty it is to direct passengers, enters a train, which, under the rules of the company, does not stop at the station named in his ticket, he has no right to continue passage on that train after the conductor has given him notice that the train does not stop at the station to which he seeks passage and has requested him to leave the train and afforded him a reasonable opportunity to do so; and if he then persists in remaining he is then wrongfully thereon and the conductor in the performance of his duty may eject him if he acts in good faith and without malice and uses no more force than is necessary for the purpose. If in such case damage result it must be attributed to the negligent mistake or misdirection of the servant of the company. Marshall v. Railway, 78 Mo. 616; Sira v. Railway, 115 Mo. 133; Wood's Railway Law, sec. 355.

*[margin note: —: —: negligent misdirection: ejectment.]*

By again recurring to the plaintiff's statement it will be seen that the ground of the action therein alleged is not the misdirection of the servants of the defendant whose duty it was to direct passengers but the ejection of plaintiff by the defendants' conductor. The proximate cause of the damage is logically referable to the act of the former and not that of the latter. It is plain that the statement neither counts on the breach of the contract for passage nor upon the negligent mistake or misdirection of defendants' servant and therefore no cause of action is stated unless it be for malicious ejection.

It must be conceded from the allegations of the plaintiff's statement itself that plaintiff was wrongfully

on the defendants' train at the time of the ejection by the conductor.    If the conductor in ejecting plaintiff acted in bad faith or in malice the defendants would be liable for resulting damages. In such case the damages would be referable to the action of the conductor and not to that of the misdirecting servant.    There are several matters alleged in plaintiff's statement by way of inducement, but at last the sole and only cause of action alleged is that the defendants forcibly and maliciously ejected the plaintiff from its train.    This was the only cause of action the trial court was called upon by the plaintiff's statement to investigate and determine.    And this was so whether it originated before a justice of the peace. or was commenced in the circuit court.    It is not any more permissible for a party to bring a suit on one cause of action in a justice's court and recover on another and different one than it is when he brings his suit in a court of record.

Having said this much of the plaintiff's statement we may proceed to consider his instructions, which defendants insist are erroneous in expression.    The first of these instructions told the jury that, if the plaintiff bought of defendants' station agent at Carrollton a ticket to Hardin, that it was bought for passage on defendants' train number 1, west bound, and that said agent knew this fact at the time he sold said ticket; and if the defendants' brakeman on said train, acting within the scope of his employment, assisted and permitted plaintiff to get upon said train, knowing that plaintiff was seeking passage to Hardin; and if defendants' conductor thereon, acting within the scope of his employment, ejected the plaintiff from said train at the town of Norborne and failed and refused to permit plaintiff to ride to Hardin, knowing that plaintiff had then and there a ticket bought for passage to Hardin,

then the jury will find for the plaintiff; and the second further declared that if the jury find for plaintiff, they will assess his damages at such sum as will reasonably compensate him for his loss of time and for his expenses incurred by reason of the acts of defendants' servants in selling him a ticket for said train and in assenting to his getting thereon and then ejecting him therefrom; and if the jury believe from the evidence that the conductor of said train had the right to stop at Hardin to let off passengers, then they will find for plaintiff for such further sum as will reasonably compensate him for the mortification, humiliation, or injury to his feelings, if any, sustained by reason of his ejection from said train, not to exceed in all the sum of $250. It will thus be seen that the hypotheses of neither of these instructions are within the allegations of the plaintiff's statement in this, that it is nowhere therein alleged that the train from which the plaintiff was ejected was, under the rules of the defendant, required to stop at Hardin, or habitually did so.

If all the facts assumed in the plaintiff's first instruction were found by the jury this did not entitle plaintiff to passage to Hardin on that train unless it was required under the rules of the company to stop there, or that it habitually did so. This last essential fact was omitted from both the plaintiff's statement and his instruction so that it is quite impossible to see how there could be a recovery on either theory of his instructions. As the plaintiff's statement did not allege that the defendants' train habitually stopped at Hardin, or that the conductor had the right under the defendants' rules to stop there for the purpose of affording passengers an opportunity to leave it, it is clear that the plaintiff's second instruction was improper in theory and had no rightful place in the consideration of the case.

The only cause of action which is alleged in the plaintiff's statement, as has already been observed, was the malicious ejection of the plaintiff by the defendants' conductor. No instruction presenting this theory to the jury was requested. The uncontradicted evidence shows that the plaintiff entered a train for passage to Hardin that did not habitually stop there, and that so soon as the conductor was apprized of the fact he notified plaintiff that he must leave the train at Norborne. That when the train reached the latter station the plaintiff refused · to leave the train and thereupon the conductor ejected him using, as it is admitted, no more force than was necessary to accomplish this. There is no claim that the conductor was rude, uncivil or insolent in his behavior towards the plaintiff. After the plaintiff had received the conductor's notice that the train did not stop at Hardin and had been requested to leave it at Norborne, and after he had been afforded an opportunity to do so and had declined, he was wrongfully on the train and the conductor was then authorized to eject him, provided he acted in good faith and without malice and used no more force than was necessary. There was no evidence adduced which justified the submission of the case to the jury on the theory of malicious ejection. Quite a different case from that alleged in the plaintiff's statement was submitted to the jury by the instructions for plaintiff.

If the plaintiff, as the evidence tends to show was the fact, through the negligent mistake of the servants of defendants whose duty it was to direct passengers, entered a train which, under the rules of defendants, did not stop at the station named in his ticket, in consequence of which he could not continue passage on that train and was compelled to leave it before reaching his destination and was thereby subjected to any

——: malicious ejectment: instructions.

loss of time, expense or other lawful damage, he no doubt could recover the same on a statement containing the proper allegations of fact.

The judgment must be reversed and cause remanded. All concur.