CROSNO, Respondent, v. BOWSER MILLING COM-
PANY, Appellant.

St. Louis Court of Appeals, April 12, 1904.

1. **AGENCY: Proof by Circumstances.** Agency may be proved
by circumstances and a course of dealing and need not be
shown by direct proof.

2. ———: ———. Where one was running the sawmill of
another, evidence that he was sawing at so much per thousand
for the owner does not necessarily carry the inference that
he was an independent operator, for he might have been an
employee with wages fixed at that.

3. **WITNESS: Contract With Deceased Agent.** A party in a case
will not be permitted to testify to the contract out of which
the cause of action arose, made with a deceased agent of the
other party, under section 4652, Revised Statutes 1899.

Appeal from Mississippi Circuit Court.—*Hon. H. C.*
*Riley,* Judge.

REVERSED AND REMANDED.

*Russell & Deal* for appellant.

J. W. Bowser, the president and agent of the com-
pany, being dead at the time of the trial, Mr. Crosno,
the plaintiff, could not testify as to admissions or con-
versations of Mr. Bowser. His testimony was wholly
incompetent and prejudicial and instruction No. 8 was
improperly given. Nichols v. Jones, 32 Mo. App. 657;
Williams v. Edwards, 94 Mo. 447; Vendover v. Baker,
121 Mo. 273.

GOODE, J.—Action for merchandise sold and de-
livered, as is asserted, to the defendant. The case
originated before a justice of the peace, went to the cir-
cuit court and on a trial anew there resulted in a ver-
dict and judgment for the plaintiff.

The defendant is a corporation that conducted several mills in 1900 and 1901 when the goods were furnished. One of the mills was near the village of Crosno, where the plaintiff kept a general store. The goods in question were obtained by the employees of the milling company on orders signed by John Hummell. The milling company kept an account with plaintiff through many months and various payments were made on the account between February and November, 1901, amounting to $800, leaving a balance of $87.28, for which this action was brought. The payments were by checks signed by Hummell. Sixty-two different orders for various articles, written and signed by Hummell and drawn on the milling company, were introduced in evidence. All the orders were addressed to the plaintiff, Crosno, and were for goods to be furnished from the store in payment for services rendered to the defendant by employees. There are some items in the account which Hummell obtained in person, or told Tilden Crosno, plaintiff's son, to let the men have.

The main contention of the defendant is that Hummell was not the agent of the Bowser Milling Company, but was an independent operator running the mill at Crosno on his own account and that he paid his employees by furnishing them the goods in question.

The trial court submitted the issue to the jury of whether Hummell was the agent of the defendant company, telling them the agency might be proved by circumstances and the course of dealing and that it was not necessary to show it by direct proof, which is the law.

Tilden Crosno testified that J. M. Bowser, who was president or general manager, must have known the account was charged to him or the company; that he had entire control of the business and that Hummell acted as the firm's agent. The effect of that testimony was weakened by a statement that he had never had any conversation with Bowser about the business and did not

know whether Bowser knew the merchandise was ordered charged to the company. Plaintiff testified that Bowser was the general manager of the company and had many men working for him; that he had other mills running in his name and that Hummell managed the mill near his (Crosno's) store. Said witness testified to a conversation with Bowser in which he (plaintiff) asked for the mill trade. Bowser said he would send a man to manage the mill in a few days and the manager would place orders with Crosno. A few days afterwards Hummell appeared and told plaintiff he had come to run the mill for the Bowser Milling Company and that Bowser had directed him to arrange with Crosno for supplies. The witness further testified that Hummell conducted the mill for seven or eight months and that it was understood before Hummell came there that the Bowser Milling Company had bought the mill, and it was still conducted by the Bowser Milling Company after Hummell left. The conversation the plaintiff had with Bowser was objected to for the reason that the latter, who acted as agent and president of the defendant company in contracting with plaintiff, was dead. The objection was overruled and an exception saved.

George Doughty testified that he worked for the milling company in 1901 and not for John Hummell; that the latter was running the mill as boss and the other men who worked there did so as employees of the company; that when he (Doughty) got anything from the plaintiff's store, it was deducted from what the company owed him; that Hummell owned no mill and did not claim the mill or logs, but the output was sold by the milling company. This witness testified, too, that Hummell gave him orders and when pay-day came Bowser settled with him. He also testified that he understood Hummell was sawing at so much per thousand for Bowser, and on this statement it is contended Hummell was an independent operator. But obviously the statement does not carry that inference necessarily;

for Hummell may have been an employee whose wages were fixed by the quantity of lumber the mill turned out under his management.

There was evidence to warrant the conclusion that the goods in controversy were purchased by the defendant, but error was introduced by permitting plaintiff to testify to the arrangement between him and the president of the defendant company. Plaintiff was a party both to the original contract and to the cause of action on trial; a party in interest, too, who would have been incompetent as a witness at common law; and as the agent of the defendant with whom he made the contract was dead, he was an incompetent witness as to transactions that occurred between them. This is the construction given to section 4652 of the Revised Statutes. Nichols, etc., Co. v. Jones, 32 Mo. App. 657; Robertson v. Reed, 38 Id. 32; Williams v. Edwards, 94 Mo. 447; Wollman v. Lang, 143 Mo. 100; Banking House v. Rood, 132 Mo. 256.

In Williams v. Edwards, supra, the precise point was adjudicated. The statute does not provide in terms that a party to a contract made with an agent shall be disqualified by the latter's death; but its purpose and the mischief to be obviated are held to require the enforcement of the disqualification in such a contingency.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.