ROSALIA DREW, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, January 27, and March 2, 1908.

1. PASSENGER CARRIERS: Wrong Train: Ejectment: Misdirection. A complaint by a ticket holder for wrongful ejectment must allege that under the rules of the carrier the train on which he took passage was required to stop at the station named in his ticket, but such ticket holder may recover in an action for negligent misdirection by the carrier's servant.

2. ———: ———: ———: **Answer.** In an action for wrongful ejectment the answer should set up the regulation preventing the train from stopping at the passenger's destination, but though such averment be omitted, yet if the evidence of such regulation is admitted without objection there can be no recovery.

3. ———: ———: ———: **Exposure: Measure of Damages.** It is a question for the jury to say whether under the circumstances the ejected passenger acted prudently in exposing himself to the inclement weather and walking to his home, thereby contracting illness.

4. ———: **Witnesses: Dead Conductor: Passenger's Testimony.** A passenger in an action for ejectment may testify as to the conduct of a dead conductor, since such action is not *ex contractu* but *ex delicto* and the conductor is not a party to the cause of action within the meaning of the statute.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*J. L. Minnis* and *Guthrie & Franklin* for appellant.

(1) Defendant's motion to strike out should have been sustained. Francis v. Transfer Co., 5 Mo. App. 7; Trigg v. Railway, 74 Mo. 147; Henry v. Railway, 76 Mo. 293; Strange v. Railway, 61 Mo. App. 586; Spry v. Railway, 73 Mo. App. 211; Deming v. Railway, 80 Mo. App. 172; Owens v. Railway, 84 Mo. App. 148; Snyder v. Ry., 85 Mo. App. 495; Rawlings v. Ry., 97 Mo. App. 511, 515; Grayson v. Transit Co., 100 Mo. App. 60. (2) Plaintiff's evidence failed to make a case. She produced no ticket entitling her to ride on that train. There was no proof of unnecessary force. Randell v. Railway, 102 Mo. App. 342. (3) Plaintiff's petition states no cause of action but shows she had no right to ride on that train. It fails to state that the train stopped at her station. Logan v. Railway, 77 Mo. 665; Marshall v. Railway, 78 Mo. 616; Gurley v. Railway, 93 Mo. 450; Sira v. Railway, 115 Mo. 133; Turner v.

McCook, 77 Mo. App. 200. (4) The evidence of conversations between the agent selling the tickets at Keytesville and plaintiff's party is wholly incompetent and prejudicial and its admission is reversible error. See authorities under point 3. (5) All evidence relating to the walk from Brunswick to Keytesville and the plaintiff's sickness and premature confinement was incompetent and is prejudicial error and produced the excessive damages found by the jury, since the verdict shows there was no unnecessary force or any insult used in the expulsion. (6) Plaintiff was an incompetent witness. The conductor is dead. Harvesting Machine Co. v. Heath, 65 Mo. App. 468; Williams v. Edwards, 94 Mo. 451.

*Jno. T. Barker* and *J. A. Collet* for respondent.

(1) The ticket agent at Keytesville was acting within the scope of his authority when he directed plaintiff that she could return from Chillicothe upon the train from which she was expelled. The company was therefore bound by such directions. Graham v. Railroad, 66 Mo. 536; Hicks v. Railroad, 66 Mo. 329; Logan v. Railroad, 77 Mo. 668. (2) Plaintiff's cause of action is not for breach of contract, but for tort committed upon her by defendant in wrongfully expelling her from a train where she had a right to be by reason of the payment of her fare and the direction of defendant through its agent to take this train. Defendant was therefore liable for all damages directly resulting from its wrong. Cowan v. Telegraph Co., 64 L. R. A. 545; Green v. Telegraph Co., 67 L. R. A. 985; Brown v. Railway, 54 Wis. 342; Barnes v. Telegraph Co., 65 L. R. A. 666. (3) Plaintiff having been directed by defendant, through its agent, to take passage upon the train from which she was ejected, then it becomes immaterial as to what defendant's rules and regulations were in regard to stopping that train at Keytesville. Having directed plaintiff to take this

train, it could not thereafter eject her from the train before she reached her destination, without committing an actionable tort.     Logan v. Railroad, 77 Mo. 663; McGee v. Railroad, 92 Mo. 208; Hicks v. Railroad, 68 Mo. 329; Owens v. Railroad, 84 Mo. App. 143; Scoffield v. Railway, 55 L. R. A. 223; Railway v. Wood, 55 L. R. A. 536; Railway v. Harper, 64 L. R. A. 283; Railway v. Payne, 70 L. R. A. 946; Railway v. Little, 61 L. R. A. 122; Railroad v. Nuzum, 50 Ind. 141.     (4)   Defendant's motion to strike out was properly overruled.   Defendant's wrong in expelling plaintiff from its train was the direct and proximate cause of her injury.     Evans v. Railroad, 11 Mo. App. 463; Estes v. Railroad, 110 Mo. App. 725; Dickenson v. Railroad, 90 Mo. App. 389; West v. Railroad, 187 Mo. 351; Farney v. Geldmocher, 75 Mo. 113; Barnes v. Telegraph Company, 65 L. R. A. 666; Brown v. Railroad, 54 Wis. 342; Cowan v. Telegraph Company, 64 L. R. A. 545; Green v. Telegraph Company, 67 L. R. A. 985.     (5)   Defendant's conductor was not a party to a contract or cause of action in the meaning of the statute, and the fact that he was dead at the time of trial is no reason for excluding plaintiff's evidence.

BROADDUS, P. J.—The plaintiff sues the defendant for the alleged wrongful act of putting her off its train.

On the 14th day of May, 1905, there was an excursion from Keytesville, Missouri, to Chillicothe on defendant's railroad and return.   The plaintiff and her husband with her sister and nephew purchased tickets for this excursion at Keytesville.   The agent selling the tickets told them they could come back on the midnight train passing Chillicothe at 12:28, the next morning, which was another and a different train from the excursion train.   On their return they got on the 12:28 A. M. train which was the Omaha fast mail train to

St. Louis and stopped at only a few of the larger towns along the road, Keytesville not being one of them. After leaving Chillicothe and on presenting their tickets to the conductor he told them they would have to get off at Brunswick as the train did not stop at Keytesville. He returned to them their tickets.

The plaintiff's evidence tends to show, when she and the others mentioned, reached Brunswick, the conductor followed them to the door, laid his hands on her, and told them they must get off; at the same time using profane language; that the conductor walked along pushing her but used no other force.

The plaintiff and those accompanying her walked from Brunswick on the track of the railroad in mist and rain to Keytesville where they arrived sometime early that morning. The evidence shows that by reason of said walk the plaintiff was made sick and suffered a premature childbirth. The jury returned a verdict of $1,000, on which judgment was rendered from which the defendant appealed.

The defendant contends that the plaintiff failed to make a case as her ticket did not entitle her to ride on the train in controversy. It is held that, "A complaint by a ticket holder for a wrongful ejectment, must allege that under the rules of the carrier the train on which he took passage was required to stop at the station named in his ticket." And, further, "A ticket holder who by the negligent misdirection of the carrier's servant enters a train not stopping at his destination has no right to continue passage on such train after being informed by the conductor of the mistake and afforded a reasonable opportunity to leave; and may be ejected from such train without malice and unnecessary force, and can recover damages for the misdirection if properly alleged." [Turner v. McCook, 77 Mo. App. 196.] In Logan v. Railway, 77 Mo. 663, it is held: "A railroad company owes no duty to a passenger, to

stop the train at a station, where by rules and regulations, such a train is forbidden to stop, by reason of the mere fact that he had purchased a round trip ticket from such station to another and on his return presents the same to the conductor and demand the train should be stopped at such station."

But it was said in Hicks v. Railway, 68 Mo. 329, that in such cases, "evidence to prove that the regulations of a company forbidding such trains to stop at the station to which the ticket had been purchased, unless such fact was pleaded in the defendant's answer was not admissible."

The petition alleges that plaintiff was directed to take the 12:28 train as stated and that there is no averment in the answer that said train under the regulations was not permitted to stop at the station of Keytesville. In the case last cited such regulation was not set up as a defense and the evidence offered to prove that the defendant's train did not stop at the station, the destination of plaintiff, was rejected by the court because it was not made an issue by defendant's answer. However, in this case evidence, that under the rules and regulations of the defendant company the train did not stop at Keytesville was admitted without objection upon the part of plaintiff. If this evidence had been admissible under defendant's answer the plaintiff under the authorities before cited would not have been entitled to recover. And it seems that the court in giving instructions to the jury did not take into consideration such evidence. In the later case, Sira v. Railway, 115 Mo. 127, the answer was a general denial. It was there shown that the train upon which plaintiff took passage did not stop at the station which her ticket called for. The conductor put her off at another and different station. The court held that, if, under the rules of the defendant the train upon which plaintiff took passage was not scheduled to stop at the station of her destina-

tion, "the conductor acted properly and within his duty in refusing to stop there for plaintiff though she took that train under the direction of another agent of defendant who had authority to direct passengers. In such a case, if damage results it must be attributed to the misdirection."

As the plaintiff is not entitled to recover under her petition in its present form except for any damages she may have suffered by reason of the alleged and wrongful manner in which she was ejected from defendant's train by the conductor, and as she may elect to amend, so as to base her right of recovery on the alleged wrongful conduct of the agent in directing her to take the wrong train, it becomes necessary to notice other evidence and questions of law raised on the appeal.

It is one of defendant's contentions that the plaintiff under the circumstances was not entitled to damages, which was the result of her walk at night in the mist and rain; and that she should have stayed in Brunswick at a hotel or in the depot until the next day, and then obtained a conveyance to Keytesville instead of walking to that place. It is the law that "It is the duty of a party to protect himself from the injurious consequences of a wrongful act of another, if he can do so by ordinary effort and at a moderate and reasonable expense. . . . [Field on Damages, 19.] And so is the law similarly expressed in 3 Parsons on Contracts, 178. The rule was approved by this court in Dietrich v. Railway, 89 Mo. App. 36. One injured by the wrongful act of another must use reasonable diligence to protect himself and thereby prevent additional damages. [Logan v. Railway, 96 Mo. App. 461.] It was a question for the jury to say whether under the circumstances the plaintiff was justified in pursuing the course she adopted. It appeared from plaintiff's evidence that she and her companions were without any

money whatever to pay for hotel charges or for transportation by private conveyance or over defendant's road; and further that they knew no one in Brunswick. If plaintiff's situation was such as she asserted it was, she had no method of getting home except to walk, and was thereby placed in such a situation as precluded any effort upon her part to mitigate the alleged wrongful acts of defendant.

It was shown that the conductor of the train in question was dead, and it is insisted for that reason plaintiff was incompetent to testify. It is held: "A party to a suit cannot testify as to any arrangement or contract he has made with a deceased agent or officer of a corporation, that is the opposite party." [Bank v. Thayer, 184 Mo. 61; Crosno v. Milling Co., 106 Mo. App. 236.] It was said in the latter case: "The statute does not provide in terms that a party to a contract made to an agent shall be disqualified by the latter's death; but its purpose as the mischief to be obviated are held to require the enforcement of the disqualification in such a contingency." But we do not think that in this case the plaintiff was disqualified to testify by reason of the death of the conductor as this is not an action on contract but *ex delicto;* nor was he a party to the cause of action within the meaning of the statute. We find no authority for holding that she was disqualified from testifying as a witness and no good reason given for such disqualification.

For the reason given the cause is reversed and remanded. All concur.