Argued May 6, decided May 27, 1913.

# CO–OPERATIVE COPPER CO. v. LAW.*

(132 Pac. 521.)

**Principal and Agent—Proof of Agency—Circumstantial Evidence.**

1. An agency may be shown by circumstances, and the course of dealing between the parties need not be proved by direct evidence.

> [As to the rules for presumptive or circumstantial proof, see note in 62 Am. Dec. 186.]

**Mines and Minerals—Location of Claim—Performance of Labor—Effect of Failure.**

2. While failure to perform the annual labor thereon subjects a mining claim to relocation, it does not work a forfeiture, and the original locator's interest is not divested, until there has been a peaceable entry for perfecting the relocation.

> [As to abandonment and forfeiture of mining claims, see note in 87 Am. St. Rep. 403.]

**Mines and Minerals—Acts of Agent.**

3. Defendant, who had located some mines, induced others to organize a company and advance money to take over the locations, and while defendant was in possession of the property for the company, and knew that its officers were depending on him for advice as to the management of the mine, he relocated it for his own use in his own name, and did the development work thereon with the ulterior motive of compelling the company to give him a right to the water from the mine for irrigation purposes, which it had previously refused to do. *Held*, that the relocation of the mine inured to the benefit of the company whose agent defendant was, in view of his fiduciary relation to the company.

> [As to validity of sale or transfer by agent to himself, see note in Ann. Cas. 1912A, 1172.]

From Baker: WILLIAM SMITH, Judge.

This is a suit by the Co-operative Copper & Gold Mining Company, a corporation, against Charles H. Law. The facts are fully set forth in the opinion.

AFFIRMED.

---

*The authorities on the question of the relocation of a mining claim as abandoned or forfeited are reviewed in a note in 68 L. R. A. 833.
—REPORTER.

For appellant there was a brief over the names of *Mr. W. A. Terrall, Mr. John L. Rand* and *Mr. A. A. Smith,* with an oral argument by *Mr. Smith.*

For respondent there was a brief, with an oral argument by *Mr. F. L. Hubbard.*

Mr. Justice Eakin delivered the opinion of the court.

This is a suit to enjoin the defendant from interfering with plaintiff's possession of certain mines, mining machinery, and buildings, and to have adjudged null and void defendant's relocation of said mines. In 1905 the defendant had located some mines near North Powder, Oregon, and in that year induced some people in Rockford, Illinois, to organize the plaintiff company and to advance money to take over defendant's locations and other mines which were transferred to it. Defendant subscribed for $100,000 shares of stock of the value of one dollar each and was for some time thereafter a director in the company. None of the Illinois stockholders were experienced in mining nor had seen the property, but relied upon the word and representations of defendant. The company spent about $20,000 in buildings, machinery, and development work, and by some arrangement or understanding defendant was to and did look after the company's interests in Oregon from the spring of 1908 until January 1, 1912, in consideration that he was to be exempt from assessments or other contribution of money to the company for improvements or development work. The defendant was in possession of the property on behalf of plaintiff when on January 1, 1912, he relocated the mine in his own name. Up to that time he was the only representative of the plaintiff in Oregon. He was aware that the officers of the company were depending implicitly upon him for advice as to the

management of the mine and to care for the company's interests in Oregon; but he gave them no intimation that he had adverse intentions until after he had relocated the mine on which the buildings were situated and the development work was done. It seems that the defendant's ulterior purpose in relocating the mine in his own name was to compel the company to give him a right to the water from the mine and to the use of the machinery and pumps for the purpose of irrigating desert land in that vicinity upon which he had filed a desert claim, which right the company had previously refused to give him. This plainly appears by the letter of the defendant's attorney written almost immediately after the defendant had "jumped" the mine, namely, January 25, 1912, as follows:

"Union, Oregon, Jany. 25, 1912.
"Co-operative Copper & Gold Mining Co.
"J. A. Bowman, Secy., Rockford, Ill.
     "Dear Sir: Mr. C. H. Law has located on the Daisy quartz claim in Baker county, your company being back on assessment work. We have a proposition to make to you, making it possible for you to get the claim back. All Mr. Law desires is the water in the shaft for irrigating purposes. And to make such possible, we have inclosed under separate cover a deed for you to sign, deeding us the water. You will also sign the agreement, also therein inclosed, which agreement binds Mr. Law to give you a quitclaim deed to his rights in the claim when you are ready to patent. I am also therein inclosing the agreement in duplicate, which has been signed by Mr. Law on one of them, which you may keep, and return the other after properly signing the same. You will also sign the inclosed receipt, showing that you have received $2,250. Mr. Law will acknowledge the receipt back to you, in his quitclaim deed. Please see to this immediately, and oblige.                    Yours truly,
                         "W. A. TERRALL."

The defendant occupied a fiduciary relation to plaintiff, and it seems that he acted for a consideration, namely, to be exempt from assessments or other contribution of money for development work. Defendant contends that there was no such fiduciary relation, principally because defendant's employment was not shown by the records of the board of directors nor by formal written employment, but he was so recognized by the officers of the company, and in acting for the company he himself recognized that relation. In his letter to Bowman, secretary of the company, the defendant says: "I have no statement from you lately as to what the directors have done. * * All of you there get a report once a month from the mine, * * and as one of the heavy stockholders I feel as though I am entitled to know as much of the business at that end as you do of the work and business at this end, * * and you certainly should accord the management at this end the same courtesy."

1. An agency need not be proved by direct evidence, but may be shown by circumstances and the course of the dealing: *Crosno* v. *Bowser Milling Co.*, 106 Mo. App. 236 (80 S. W. 275). Defendant's letters show that he was in charge of the affairs of the company, employing the men, giving advice, and directing it as to what should be done in Oregon, the officers thereof asking for such advice and attempting to follow it.

2. While a claim is subject to relocation for failure to perform the annual labor, no forfeiture is worked thereby, and the estate of the locator is not divested until there has been a peaceable entry for the purpose of perfecting the relocation. The right of the original claimant is terminated only by the entry of a new one: 2 Lindley, Mines, § 645. Section 407 of the same compilation provides: "An agent, trustee, or other person holding confidential relations with the original locator,

will not be permitted to relocate mining claims, and secure to themselves advantages flowing from a breach of trust obligations.''

3. Defendant owed every fealty to the plaintiff until that fiduciary relation had been terminated. He had full information of plaintiff's previous acts and intentions, which the law will not allow him to use to the detriment of the plaintiff, and the acts of the defendant, if advantageous, will be held to be done for the benefit of the plaintiff. Bad faith of the defendant is shown by the letter of his attorney quoted. What was done by the defendant in his effort to relocate the mines should be held to be done by him for the benefit of plaintiff and should inure to its advantage.

The decree is affirmed.                    AFFIRMED.,