CHARLES W. GOSNEY, Respondent, v. SAN FRANCISCO & PORTLAND STEAMSHIP COMPANY, Appellant.

Kansas City Court of Appeals, February 16, 1914.

1. **DAMAGES: Actual and Punitive: Steamships.** The plaintiff sued to recover actual and punitive damages for his ejection from one of defendant's steamships. He purchased a round trip ticket in Kansas City from the A. T. & S. F. Ry. Co., which included a trip on the defendant's steamship from San Francisco to Portland, Ore., but failed to exchange the coupon on his railroad ticket for a steamship ticket, as provided by the rules of the steamship company, and was ejected from the boat, although he had no notice that he was required to make such exchange. *Held,* that the demurrer to the evidence should have been sustained since in failing to procure a steamship ticket in obedience to the rule of the company, which was reasonable, plaintiff was not entitled to be received as a passenger on that steamer, and it is not shown that the officer in charge thereof employed unnecessary violence or incivility in refusing him passage.

2. ———: ———: ———. It is further *held*, that plaintiff has a has a cause of action for the damages he sustained in conse quence of the negligent misdirection of defendant which prevented him from exercising reasonable care to acquaint himself with defendant's rule which stood in the way of his reception as a passenger on the steamship, but he cannot be allowed to recover under the present petition which, as shown, alleges an entirely different cause.

3. ———: ———: ———: **Navigation Act.** Under the Navigation Act, Sec. 4464, 4465, R. S. U. S. 1901, which provides for government inspection of ocean-going steamers, the reception of passengers for whom berths cannot be provided is forbidden.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird*, Judge.

REVERSED AND REMANDED.

*Watson, Watson & Alford* for appellant.

It was the duty of plaintiff to acquaint himself with the rules and regulations of defendant, and having failed to do so, the defendant is and was not liable. Claybrook v. Railroad, 19 Mo. App. 437; Logan v. Railroad, 77 Mo. 667 and cases cited; Dietrich v. Railroad, 71 Pa. St. 436; Railroad v. Harris, 81 Miss. 208 (95 and St. R. 466); Railroad v. Gants, 28 Kan. 608; Dwindle v. Railroad, 120 N. Y. 117, 17 Am. St. Rep. 64; Railroad v. Rosenwig, 113 Pa. St. 536 (6 Atl. 547); Peck v. Railroad, 70 N. Y. 587; 1 Felter on Carriers of Passengers, Sec. 275, and cases cited; Doherty v. Railroad, 43 Mont. 294, 115 Pac. 401; Railroad v. Lightcap, 7 Ind. App. 249.

*Handy, Swearingen & Olson* for respondent.

(1) The Santa Fe ticket agents who are the selling agents for transportation over appellant's steamship lines, had authority to contract with respondent for a certain room on appellant's steamship "Beaver" to sail at a certain time from San Francisco. Smith v. Pullman Company, 138 Mo. App. 238. (2) In making a contract of carriage, a ticket agent is the "carrier corporation." The agent who sold the ticket made this reservation and defendant had notice of it. Cornell v. Railroad, 143 Mo. App. 598.

JOHNSON, J.—Plaintiff sued for actual and punitive damages for his ejection from one of defendant's

steamships which he alleges was willful and malicious. The answer is a general denial. The action is here on the appeal of defendant from a judgment of $1100 actual and $300 punitive damages.

On June 22, 1911, plaintiff purchased at the office of the Atchison, Topeka & Santa Fe Railway Company in Kansas City round trip tickets for himself and his wife from Kansas City to San Francisco and paid the fares demanded for the entire trip which included transportation from San Francisco to Portland, Oregon, on defendant's steamship line. The agent of the railway company at Kansas City telegraphed to its agent at San Francisco to reserve "state room, hurricane deck, if possible, steamer Beaver, San Francisco and Portland Steamship Company, July 5, San Francisco to Portland, Dr. C. W. Gosney and wife, holding A. M. A. excursion tickets. Answer."

On receipt of this message the San Francisco agent telephoned to the agent of defendant who made the reservation and a reply telegram was sent by the agent of the railway company to its agent at Kansas City announcing the reservation of "Room 26, hurricane deck, Beaver, Portland, July 5, Gosney and wife." This telegram and the tickets were handed plaintiff with the information that they entitled him and his wife to passage on the steamer mentioned and that all that would be required of him would be to present them at the steamer.

The Navigation Act (Secs. 4464, 4465 and 4467, Rev. Stat. U. S. 1901) provides for Government inspection of ocean-going steamers and forbids the reception of passengers for whom berths cannot be provided. To prevent loss of revenue from the nonappearance of passengers for whom berths had been reserved, as in the present case, defendant had a rule requiring such passenger to appear at its office in San Francisco at least twenty-four hours before the time of sailing and exchange the coupon on his railway ticket for passage

on defendant's line, for a steamer ticket issued by defendant. This rule did not appear in defendant's published tariffs nor in its advertising matter. Quoting the agent of defendant "there was nothing in the tariff to show that rule; it was a verbal rule and also stated in our correspondence to passengers." It was not stated to plaintiff, was unknown to the Santa Fe agent at Kansas City and was not mentioned in the tickets.

A printed folder given to plaintiff when he bought the ticket contained the following paragraph: "Information for passengers; Important: All tickets, either regular or excursion, sold at Eastern points for Pacific Coast destinations and which read between San Francisco and Portland are good by the steamers of the Company without additional charge. Be sure and see your tickets read via San Francisco and Portland Steamship Company. As no extra charge is made on the steamers for meals or berth, passengers by doing this will save cost of Pullman fare and meals on trains."

Among a number of conditions and agreements printed on the tickets was one providing that "this ticket is subject to the rules and regulations of each line over which it reads and may be exchanged in whole or in part for a ticket or check in conformity therewith."

Plaintiff and his wife arrived in San Francisco July 3rd and had their tickets validated at the office of the Santa Fe Company but having no knowledge of defendant's rules, they did not go to its office and did not go to the steamer until an hour before the time for departure. Defendant had sold all the berths, including that reserved for plaintiff, and the captain or purser refused to receive plaintiff and his wife as passengers and ordered them to leave the steamer, which they did. From the testimony of plaintiff it appears that the officer uttered the final order in a positive manner but used no insulting language. He said, "You will

Gosney v. Steamship Co.

have to get your grips and get off of here." "Q. No worse language than that? A. I think not."

Plaintiff and his wife returned to the Santa Fe office and exchanged their steamer coupons for railway tickets to Portland. The employees at the railway office in Kansas City testified that the usual course of business was followed and that they did not know of any rule making it necessary for a passenger for whom a reservation had been made to procure another ticket twenty-four hours in advance of the sailing of the vessel.

The controlling questions in the case are those arising from the contention of defendant that its demurrer to the evidence should have been sustained.

The gist of the pleaded cause is the tort of the ship's officer in refusing to recognize plaintiff as a passenger and in forcing him to leave the ship under circumstances and in a manner bespeaking willfulness and malice. The evidence shows beyond question that the officer was guilty of no wrong in refusing to receive plaintiff as a passenger. He had no authority from defendant to admit passengers who were not provided with berth tickets issued by defendant. A passenger had appeared with such ticket issued for berth No. 26, and was in the occupation of that berth when plaintiff arrived. The railway ticket did not purport to entitle plaintiff to that berth or even to passage on that ship, and the telegram exhibited by him which showed that a reservation had been made in his favor did not entitle him to passage under defendant's rule which, as stated, required all such passengers to procure steamer tickets twenty-four hours in advance of the departure from port. The officer was bound to accept the berth ticket issued by defendant and having done so was compelled to refuse passage to plaintiff since the steamer already had a full load and could not receive additional passengers without violating rules of the Navigation Act.

Nor is there any ground for a reasonable inference that the officer performed this necessary duty in an insulting manner. Plaintiff had been insisting upon his right to the berth and his own testimony shows that no improper language was used and that the manner of the officer was no more peremptory than the persistence of plaintiff seemed to require. [Crutcher v. Railroad, 132 Mo. App. 311; Smith v. Railway, 127 Mo. App. 53; Trigg v. Railroad, 74 Mo. 147.] That a common carrier may, and should, make reasonable rules and regulations for the transaction of its business with the public and for the performance of its duties is well settled as is also the rule that makes it the duty of a passenger to acquaint himself with such regulations and conform to them. [Claybrook v. Railroad, 19 Mo. App. 439; Logal v. Railroad, 77 Mo. l. c. 667; Dietrich v. Harris, 71 Pa. St. 436; Railroad v. Gants, 28 Kan. 608; Dwindle v. Railroad, 120 N. Y. 117.]

But the evidence of defendant does show that a negligent breach by defendant of a self-imposed and customary duty caused plaintiff to fall into the natural error of supposing that the agent at Kansas City spoke with knowledge and authority when he assured plaintiff, in effect, that no rule or regulation stood in the way of his reception as a passenger on the steamer. This agent was the agent of defendant, not of plaintiff (Smith v. Pullman Co., 138 Mo. App. 238) and his mistake resulted from the negligent failure of defendant's agent at San Francisco to follow the custom of notifying applicants for reservations of the necessity of compliance with the rule requiring the procurement of steamer tickets. Plaintiff has a cause of action for the damages he sustained in consequence of the negligent misdirection of defendant which prevented him from exercising reasonable care to acquaint himself with defendant's rule in question, but he cannot be allowed to recover for such cause under the present petition which, as we have shown, alleges an entirely

different cause. [Logan v. Railroad, supra; Marshall v. Railroad, 78 Mo. 1. c. 616; Sira v. Railroad, 115 Mo. 127; Turner v. McCook, 77 Mo. App. 196.]

The demurrer to the evidence should have been sustained. The judgment is reversed and the cause remanded.

All concur.