[Civil No. 2329.   Filed June 19, 1925.]

[236 Pac. 1114.]

## COMISION MONETARIA, Appellant, v. SONORA BANK & TRUST COMPANY, Garnishee, Appellee.

1. GARNISHMENT—COURT NOT BOUND TO DENY MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST GARNISHEE BECAUSE FINDING IT NEGLIGENT.—That court, in order setting aside default judgment against garnishee on its motion stated that garnishee was negligent, *held* not to require it to deny motion, under Civil Code of 1913, paragraph 600, authorizing setting aside of a judgment for excusable neglect.

2. GARNISHMENT—EVIDENCE HELD TO SUPPORT ORDER SETTING ASIDE DEFAULT JUDGMENT AGAINST GARNISHEE FOR ITS EXCUSABLE NEGLECT.—Evidence, though conflicting as to agreement to extend time for answering, *held* to support order setting aside default judgment against garnishee under Civil Code of 1913, paragraph 600, for its excusable neglect.

3. APPEAL AND ERROR—TRIAL COURT'S DISCRETION IN VACATING JUDGMENT NOT INTERFERED WITH UNLESS ABUSED. — Appellate courts will not interfere with discretion of trial court in granting motion to vacate default judgment, unless it appears that such discretion is abused.

4. GARNISHMENT — LIBERALITY INDULGED IN SETTING ASIDE DEFAULT JUDGMENT AGAINST GARNISHEE. — Liberality will be indulged in setting aside default judgment, where it is against garnishee.

5. APPEAL AND ERROR—APPELLATE COURT WILL NOT INTERFERE, UNLESS FINDING OF TRIAL COURT ON MOTION IS CLEARLY ERRONEOUS.—Appellate court will not interfere with court's determination of motions dependent on facts proved, where evidence is conflicting or there is evidence to sustain finding, unless clearly erroneous, or so clearly against evidence or great weight thereof as to be manifestly wrong.

See (1) 28 **C. J.**, p. 339.   (2) 28 **C. J.**, p. 338.   (3) 4 **C. J.**, p. 840.   (4) 28 **C. J.**, p. 338.   (5) 4 **C. J.**, p. 845.

APPEAL from an order of the Superior Court of the County of Santa Cruz.   M. Marsteller, Judge. Affirmed.

3.   See 2 **R. C. L.** 215.
5.   See 2 **R. C. L.** 204.

Messrs. Noon & Noon, for Appellant.

Messrs. Duffy & Robins, for Appellee.

ROSS, J.—This is an appeal from an order vacating and setting aside a default judgment against the garnishee and permitting it to file answer.

The appellant, Comision Monetaria, obtained a judgment on April 14, 1924, against the defendants Cia. Comercial de Sonora y Sinaloa, S. A., A. Cubillas, Jr., and G. F. Bringas, for $11,347. On April 15th it caused to be issued upon said judgment and served on garnishee, Sonora Bank & Trust Company, a writ of garnishment. The garnishee did not file an answer to the writ within the ten days allowed by law, and on April 26th, on the application of appellant, the default of the garnishee was duly entered and judgment rendered against it for the said sum of $11,347. On April 28th the garnishee filed its motion to set aside default judgment. After a hearing on May 2d, this motion was granted, and permission extended to garnishee to file answer.

On this appeal it is claimed by appellant that the court abused its discretion in making such order; it not being made to appear in application therefor that any of the grounds enumerated by the statute (paragraph 600, C. C. 1913), authorizing the court to set aside a judgment, such as mistake, inadvertence, surprise, or excusable neglect, existed, and no good cause therefor being shown. This presents the sole question for decision.

The motion to open default, vacate judgment, and for permission to answer, was supported by the affidavit of James V. Robins, a member of the firm of Duffy & Robins, attorneys for the garnishee, in which affidavit the reason given for not filing answer before default was that the attorney for appellant, Fred Noon, had promised him an extension of time, or had

said to him, "Take your time; I will not take default against you," or words to that effect, in response to a suggestion by Robins that he had been very busy. The motion was also supported by the verified answer of garnishee to the effect that it was not indebted to the judgment debtors, or any of them, in any sum whatever, and had no effects belonging to them, or any of them, in its possession, and did not know of any person or persons indebted to said judgment debtors or who had any effects belonging to them, or any of them, in their possession. The verification of the answer was by the secretary of the garnishee.

At the trial of the motion, witnesses for and against were sworn and testified. The attorney for appellant was quite as positive that he did not agree to any extension of time for the filing of answer by garnishee as the attorney for garnishee was that such extension was given. But it appeared attorneys for garnishee went to the clerk's office with an answer for filing on April 26th at 4:30 in the afternoon, and the clerk was out, and they thereafter, at the earliest available date, presented their motion to vacate. The court in its order said:

"It is now held . . . that the negligence of the garnishee was not sufficient to render a judgment in the amount so rendered, therefore the default should be opened, the judgment vacated and set aside, and the garnishee permitted to file its answer to the writ of garnishment."

It is the contention of appellant that the court, having stated that garnishee was negligent, was bound to deny the motion. We do not think so, since the statute above referred to authorizes the setting aside of a judgment for "excusable neglect," and it must be that such was the kind of neglect the court intended to ascribe to the garnishee. The evidence in support of the motion, if given credence by the court,

was amply sufficient to justify the order. The conflict between attorneys, as to the agreement to extend the time for filing answer, placed upon the court a very unpleasant duty, and the record discloses that the court, in the statement of its conclusions, very diplomatically evaded taking sides in the matter. Nevertheless, we think it must have concluded that the weight of the evidence preponderated in favor of the motion, for it found that the failure to answer was by reason of "excusable neglect."

In view of the rule that appellate courts will not interfere with the discretion of the trial court in granting a motion to vacate a judgment, unless it appears such discretion was abused (*Lynch* v. *Arizona Enterprise Mining Co.*, 20 Ariz. 250, 179 Pac. 956), and the further rule that liberality will be indulged where the default is against a garnishee (*Gutierrez* v. *Romero,* 24 Ariz. 387, 210 Pac. 470), we cannot say the court erred in granting motion.

When the determination of motions in the course of a cause depends upon facts laid before the court, its decision is ordinarily governed by the rules relating to findings of fact generally. If the evidence is conflicting, or there is evidence to sustain the finding, the appellate court will not interfere, unless the finding is clearly erroneous, or so clearly against the evidence or the great weight thereof as to be manifestly wrong. This principle has been specifically applied to findings as to the existence or nonexistence of a stipulation between attorneys, or as to terms of a stipulation, and to findings and orders setting aside or refusing to set aside default judgments. 4 C. J. 845, § 2831.

We are satisfied the court committed no error in vacating the default judgment and permitting garnishee to file answer, and the order is therefore affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.