[Civil No. 4442. Filed April 13, 1942.]

[124 Pac. (2d) 544.]

SWISSHELM GOLD SILVER COMPANY, a Corporation, Appellant, v. CYRUS FARWELL, Appellee.

Mr. Oliver J. Laubscher and Mr. John F. Ross, for Appellant.

Messrs. Gilmore & Herring, for Appellee.

LOCKWOOD, C. J.—Cyrus Farwell, plaintiff, brought suit against Ben Heney to quiet title to certain mining claims as against all persons, except the United States of America, and to secure a restraining order prohibiting Heney from interfering with plaintiff's use of the claims. Answer was duly filed by Heney, and thereafter Swisshelm Gold Silver Company, a corporation, intervener, asked leave to file an answer and cross complaint in intervention. The motion was granted and the answer and cross complaint duly filed. Intervener asked leave to bring in O. Reynolds and Willie Fullinwider as third-party defendants, which was granted, and summons and cross complaint were served on each of them. Reynolds and Fullinwider failed to appear or answer the cross complaint, and plaintiff failed to file any answer to the cross complaint, within the period provided by law. Thereafter intervener's attorneys filed an affidavit with the clerk of the court to this effect, and default was duly entered against plaintiff, Reynolds and Fullinwider. Later intervener served written notice on plaintiff that it would apply to the court for an entry of judgment by default against plaintiff upon the cross complaint.

The motion finally came up before the court on March 28th, at which time plaintiff appeared and resisted its granting, no appearance being made on behalf of Reynolds and Fullinwider. On April 14th the court granted the motion, and on April 15th a formal written judgment, in favor of intervener and against plaintiff and the third-party defendants on the cross complaint, was filed. On April 28th plaintiff filed a motion to set aside the judgment of April 15th as against him. Neither he nor the third-party defendants made any request that the judgment be set aside as against the latter.

On May 3rd, intervener objected to the motion to set aside on two grounds, (a) that the affidavit of

merits filed with the motion contained the same subject matter and raised the identical issue which had been ruled upon by the court on April 14th, and (b) that plaintiff had failed to show excusable neglect for his failure to answer within the time required by law, and failed to show a substantial or meritorious defense to the cross complaint.

The court finally granted the motion and ordered the default judgment set aside and vacated as against both plaintiff and third-party defendants. At the time of this ruling, intervener asked that the court impose conditions upon the setting aside of the judgment, for the protection of certain alleged rights of intervener in the personal property located upon the claim, but the court refused to do so, and this appeal was taken.

■ The first question is whether the court could consider a motion based on the same ground which had previously been ruled on adversely. This is answered in the affirmative by *Collister* v. *Inter-State, etc., Assn.,* 44 Ariz. 427, 38 Pac. (2d) 626, 98 A. L. R. 1020.

The next is whether the court erred in setting aside the judgment as to the third-party defendants. Plaintiff's motion was merely:

"*Wherefore,* your affiant moves this Honorable Court for an order setting aside that certain default judgment entered by the above entitled Court against this affiant and in favor of the Swisshelm Gold Silver Company, a corporation."

■■ The right of a trial court to amend or modify its orders and judgments is based upon sections 21–1501, 21–1502, Arizona Code 1939. These sections read as follows:

"*Clerical mistakes.*—Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative

or on the motion of any party and after such notice, if any, as the court orders."

*"Mistake — Inadvertence — Surprise — Excusable neglect.*—On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six (6) months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one (1) year a judgment obtained against a defendant not actually personally notified."

Section 21–1502, *supra,* supersedes section 3859, Revised Code 1928, which last section is in this language:

*"When judgment may be vacated or modified.* The court may, any time within six months after the making or entry of any judgment, order or other proceeding, relieve a party from any such judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders or proceedings."

It will be seen that section 21–1502 changes the provision appearing in section 3859, "The court may . . . relieve a party," etc., by substituting therefor *"On motion* the court, upon such terms as are just, may relieve a party," etc., and entirely omits "or may, for good cause shown, modify or set aside," etc. We think, considering these changes and comparing the three sections above set forth, under our present rules the court, in acting of its own motion, is limited to such cases as may properly come under section 21–1501, *supra,* and may only act under section 21–1502, *supra,* when the matter is raised by an aggrieved

party. The record clearly shows that the default judgment entered against the third-party defendants was regular upon its face, and presents no "errors therein arising from oversight or omission,"· and that no request for relief from it was made by any aggrieved party. The court was, therefore, without jurisdiction to set it aside.

■■ The question, however, as to its action in regard to the judgment against plaintiff is more difficult. Under section 21–1502, *supra,* as under section 3859, *supra,* we think it is necessary that a party asking to have a default judgment set aside, except when it was obtained against a defendant not actually personally notified, must file with his motion a showing of mistake, inadvertence, surprise or excusable neglect, and an affidavit showing that the party has a substantial and meritorious defense, and of what it consists. *Beltran* v. *Roll,* 39 Ariz. 417, 7 Pac. (2d) 248; *Security Trust & Sav. Bank* v. *Moseley,* 27 Ariz. 562, 234 Pac. 828. This, plaintiff claims that he did. It is, of course, true that the question of whether sufficient showing of excusable neglect is made and whether the affidavit of merits sets forth a sufficient defense is within the sound judicial discretion of the trial court. *Comision Monetaria* v. *Sonora B. & T. Co.,* 28 Ariz. 369, 236 Pac. 1114. And that it will not be disturbed on appeal unless it appears there has been an abuse of the court's discretion. *Garden Dev. Co.* v. *Carlaw,* 33 Ariz. 232, 263 Pac. 625.

■ The showing of excusable neglect was substantially to the effect that the affiant, long before the filing of intervener's cross complaint, was confined to the Cochise County Hospital for a long period of time, and had therein three major operations, and the effect of such operations was that until long after the time for answer he was unable intelligently to discuss the situation with his attorneys. There was no claim

this was not true, and we think it was sufficient to justify the trial court in finding that the neglect was excusable.

The next and more serious question, however, is whether a defense to the cross complaint was shown by plaintiff. Substantially speaking, his affidavit of merits amounted to stating that his complaint originally filed against Heney, if refiled as an answer to intervener's cross complaint, set up a perfect defense to the latter. While this is a rather informal method of making a showing of meritorious defense, we think that if the complaint, if filed as an answer, set up facts sufficient to constitute a defense on behalf of plaintiff to the cross complaint, it was not an abuse of judicial discretion for the court to grant the motion. But it is most strenuously contended by intervener that, even admitting every fact in plaintiff's original complaint to be true, it does not constitute a defense to the allegations of the cross complaint. This makes it necessary for us to examine the two pleadings.

The allegations of the cross complaint, so far as material to the matter under discussion, are as follows:

"That the cross-complainant now is and was on the 15th day of January, 1940, the legal and rightful owner, as grantee of the locator's title and interests, subject to the paramount title of the United States, of certain mineral lands situate and located in the Swisshelm Mining District, in Cochise County, in the State of Arizona, (describing property).

"                                                          

"That on said 15th day of January, 1940, and while cross-complainant was entitled to the possession of and had title to, subject to the paramount title of the United States of America, the above described mineral lands and premises; and while the plaintiff and cross-defendant, Cyrus Farwell, was an employee of the cross-complainant in a fiduciary capacity; and while

said described mineral lands were not open to location, the plaintiff and cross-defendant, Cyrus Farwell, did wrongfully and unlawfully attempt to relocate said mineral lands in his own name and did subsequent to said 15th day of January, 1940, cause to be recorded in the office of the County Recorder of Cochise County, Arizona, copies of location notices which notices covered the above described mineral lands owned by the cross-complainant.''

This, in substance, is an allegation that (a) on January 15th intervener was the owner of the property in question, and (b) while plaintiff ''was an employee of the cross-complainant in a fiduciary capacity'' he made an attempted relocation of it. The allegations of plaintiff's complaint, which he contends should be construed as an answer to the cross complaint, so far as they materially answer these two allegations, are:

''That on the 15th day of January, 1940, plaintiff discovered mineral in place on the public domain of the United States of America in the Swisshelm Mountains in Cochise County, Arizona, then and there open to mineral location and development, the same being then and there unoccupied and unlocated by any persons whatsoever, and did thereupon on the 15th day of January, 1940, locate and take possession of certain mining claims in the manner and form prescribed by law; . . . ''

This is an answer to allegation (a) of the cross complaint, for if the lands in question were open and unoccupied government land at the time plaintiff made his location thereof, they were not owned by intervener, and the defense as against ownership by the latter would be a valid one.

But allegation (b) presents an entirely different question. It is undoubtedly the law that if the maker of a valid location of mining claims on government land fails to do his annual assessment work, as provided by law, his rights cease and the property

then becomes open to location by another. But it is also the law that if that other occupies a fiduciary relation to the original locator of *such a nature that it is a breach of trust for him to relocate the claims,* the relocation inures to the benefit of the original locator, and the later locator will be held to hold in trust for the earlier one. *Clark* v. *Mitchell,* 35 Nev. 464, 130 Pac. 764, 134 Pac. 449; *Co-Operative Copper & G. M. Co.* v. *Law,* 65 Or. 250, 132 Pac. 521.

Plaintiff, in his suggested answer to intervener's cross complaint, in no way denies the allegation that when he made the location on which he bases his claim he was "an employee of the cross-complainant in a fiduciary capacity." It is urged by him that this is not a sufficient allegation of a fiduciary relation of such a nature as to put him on his defense on this point; that intervener should have set up facts of such a nature as would have shown a relationship which would cause plaintiff to hold in trust for the intervener, instead of pleading what is denominated by plaintiff as a mere conclusion of law. This raises a question of pleading.

Under the old practice courts laid great stress upon the difference between statements of fact and conclusions of law, and much time and ingenuity was devoted to differentiating between the two. In later years, however, they have become more liberal and in many cases have called what used to be denominated conclusions of law, statements of ultimate fact. For instance, in many courts in the past a statement that a man was the owner in fee simple of a certain piece of property was held to be a conclusion of law. The more modern decisions are to the effect that it is merely a statement of ultimate fact. *Ely* v. *New Mexico & A. R. R. Co.,* 2 Ariz. 420, 19 Pac. 6; Id., 129 U. S. 291, 9 Sup. Ct. 293, 32 L. Ed. 688.

■■    But even assuming that the allegation that plaintiff at the time he attempted to relocate the claims in question in his own name "was an employee of the cross-complainant in a fiduciary capacity" is an allegation of fact and not a conclusion of law, it does not follow therefrom that the relationship was of such a nature that the relocation was a breach of trust which caused the properties relocated to be held in trust for intervener. There are many fiduciary relations, such as that of guardian and ward, creating a general trust relationship in regard to all business transactions affecting both parties. Others, such as employer and employee, or principal and agent, cover only certain limited trust relationships. For example, the treasurer of intervener would hold a fiduciary relationship towards the latter, so far as all transactions involving the handling of its funds are concerned, but it would not necessarily follow that he would be in such a situation in regard to transactions between intervener and a third party, or as to matters which he might have discovered from outside sources in regard to the title to intervener's property. A miner employed by a company might be held to sustain fiduciary relations in something in respect to his duties, when no such relationship applied to other matters in which the company is interested. So in the present case, plaintiff might admit that he, at the time of his relocation, was an employee occupying a fiduciary relationship towards the company, but it by no means necessarily follows that this relationship is one of a nature which would prevent him from relocating claims which at one time belonged to intervener. We think, therefore, that intervener's cross complaint setting up the alleged fiduciary relationship was not sufficient to require plaintiff, in the absence of further allegations, to controvert such allegation in his answer. Such being the case, plaintiff's original complaint, when con-

sidered as an answer, was sufficient as a meritorious defense to intervener's cross complaint, and the trial court did not abuse its discretion in setting aside the default judgment against plaintiff and permitting the issues between plaintiff and intervener to be heard upon their merits.

The order setting aside the default judgment against Reynolds and Fullinwider is reversed, and that setting aside the default judgment against plaintiff is affirmed, and the case remanded for further proceedings.

McALISTER and ROSS, JJ., concur.