————o————

MARY E. ENTWHISTLE, Respondent, *vs.* JOHN M. FEIGHNER, Appellant.

1. *Damages—Action for killing plaintiff's husband—Dying declarations—Res gestæ.*—In suit against a railroad company for the killing of plaintiff's husband, the declarations of the latter immediately after receiving the injuries, as to the cause of his death, are admissible as a part of the *res gestæ.*

2. *Damages for killing plaintiff's husband—Defendant competent witness—Const. Stat.*—In suit of damages against one for killing plaintiff's husband, defendant is a competent witness. In such case there was no contract or cause of action (Wagn. Stat., 1372, § 1), to which the deceased was a party. His death was a *sine qua non* to the existence of the cause of action.

*Appeal from Gentry Circuit Court.*

*Bennett Pike, with G. W. Lewis,* for Appellant.

*Collins & Caldwell, with Patton & Loan,* for Respondents, cited Looker vs. Davis, 45 Mo. 145 ; State, etc. vs. Meagher, 44 Mo. 356 ; Poe vs. Domic, et al., 54 Mo. 123.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought her action under the statute to recover damages of the defendant, for wrongfully killing her husband.

The only objections urged to the action of the court relate to its rulings, in admitting and rejecting testimony.

Plaintiff gave evidence of the declarations of the deceased husband immediately after he received the injury, and they were objected to, but they were clearly admissible within the principle established in Brownell vs. Pacific R. R. Co., (47 Mo. 239) and Harriman vs. Stowe (57 Mo. 93), and this is conceded by the counsel in his brief.

The defendant offered his deposition in his own behalf, and it was ruled out, for the reason that he was not a competent witness.

The statute (2 Wagn. Stat., p. 1372, § 1) permits parties to testify in suits, " provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor."

In the present case there was no contract or cause of action to which the deceased husband was a party. The proviso in the statute was enacted for the purpose of putting parties on an equal footing, and not allowing a living party to give his version of a contract when he could not be confronted by the other party in consequence of death. When the husband was killed, then it was for the first time that the cause of action accrued to the plaintiff as his widow. Had the husband survived, this action never could have been brought. It is an action in which plaintiff and defendant only could be parties, for it did not arise till after the husband's death. The defendant therefore was a competent witness, and more especially so in this case, as the plaintiff had the benefit of her husband's declarations, and the court erred in ruling otherwise.

The judgment will be reversed, and the cause remanded. The other judges concur.