THE STATE ex rel. ALBERT ZEHNDER et al. v. WILLIAM R. ROBERTSON et al., Judges of the Springfield Court of Appeals.

**In Banc, December 19, 1914.**

1. **CERTIORARI: Conflict in Opinions.** *Certiorari* may be used to bring to the Supreme Court a case in which a Court of Appeals has rendered an opinion in conflict with the last previous decision of the Supreme Court, whether that last decision be right or wrong.

2. **LOCAL OPTION LAW: Information: Allegation of Adoption in County.** An information, attempting to charge a violation of the Local Option Law, is not sufficient unless it charges both that the law has been adopted and is in force; nor would it be sufficient if it charged only that it had been adopted, for it may have been adopted and never put into force for lack of the necessary statutory notice. But if it charges that the law "was in full force and effect" · in the county where the offense was committed, designating it by article and chapter, it charges that it had been adopted and was in force, for

it could not well be in full force and effect unless it had been adopted.

3. ————: ————: **Conflict in Opinions: Certiorari.** The last previous decision of the Supreme Court, and its previous rules as well, was to the effect that an indictment or information charging a violation of the Local Option Law must charge that the law had been adopted and was in force and effect in the county; and therefore a decision of the Court of Appeals holding that an information charging that the said law was at the time the offense was committed "in full force and effect in the county" was sufficient, was not in conflict with the last previous decision of the Supreme Court on the subject, but in harmony therewith, and its said decision will be upheld upon *certiorari*.

## *Certiorari.*

WRIT QUASHED.

*Frank H. Farris, J. J. Crites* and *J. A. Watson* for relators.

(1)  The right of the relators to invoke this remedy and the right of this court to issue its writ of *certiorari* is now fully determined, and cannot be questioned.  Thomas v. Mead, 36 Mo. 232; State ex rel. v. Broaddus, 238 Mo. 189; State ex rel. v. Broaddus, 245 Mo. 123; Curtis v. Sexton, 252 Mo. 221; State ex rel. v. Ellison, 256 Mo. 644.  (2)  The information in this case was fatally defective; it did not allege that the Local Option Law had been adopted in Phelps county. And that it was a material allegation, and was required to be supported by proof and the holding of the court that the adoption of the law could be presumed or taken by intendment was in conflict with the decisions of this court, and with all of the courts of appeals in Missouri, and overruled in terms the established rule of law as fixed by the opinions of this court and the St. Louis Court of Appeals and the Kansas City Court of Appeals.  22 Cyc. 293; 3 Greenleaf on Evidence (8 Ed.), par. 10; 1 Bishop's New Criminal Procedure, pp. 83, 84; 23 Cyc. 222; McLain on Criminal Law, 1232;

Cook v. State, 25 Fla. 698; Commonwealth v. Throck-morton, 32 S. W. (Ky.) 130; Commonwealth v. Boyd, 32 S. W. (Ky.) 132; Commonwealth v. Howe, 32 S. W. (Ky.) 133; Commonwealth v. Shelton, 35 S. W. 128; Norton v. State, 65 Miss. 297; State v. Chambers, 93 N. C. 600; Stewart v. State, 35 Tex. Cr. 391; Alford v. State, 37 Tex. Cr. 386. Every material allegation must be pleaded and a material allegation is such as must be proven. State v. Thierauf, 167 Mo. 444; State v. Hagan, 164 Mo. 659; State v. Phelan, 159 Mo. 122; State v. Patterson, 159 Mo. 102; State v. Evans, 128 Mo. 407; State v. Rector, 126 Mo. 328. These cases all hold in terms, if not in express words, that an information for a violation of the Local Option Law. must charge that the law had been adopted. State v. Searcy, 39 Mo. App. 399; State v. Hutton, 39 Mo. App. 416; State v. Prather, 41 Mo. App. 458; State v. Hall, 130 Mo. App. 172; State v. Campbell, 137 Mo. App. 108; State v. Snider, 151 Mo. App. 702; State v. Wainwright, 154 Mo. App. 654; State v. Wright, 161 Mo. App. 600; State v. Dugan, 110 Mo. 143; State v. Searcy, 111 Mo. 236.

*Corrie L. Arthur* for respondents; *C. C. Bland* of counsel.

(1)    The rule quoted by relators that "in every indictment and information every fact necessary to constitute the crime charged must be directly and positively alleged, and nothing can be charged by implication" (19 Cyc., 293) is applicable in its strictness to indictments and informations for a felony. State v. Ferguson, 152 Mo. 92. In misdemeanors less particularity and nicety in describing the offense is required than in felonies. State v. Hogle, 156 Mo. App. 367; State v. Seibeling, 143 Mo. App. 318; State v. Rowell, 137 Mo. App. 620; State v. Wainwright, 154 Mo. App. 653; State v. Fancher, 71 Mo. 460. (2) The information was sufficient. State v. Dugan, 110 Mo. 138; State

v. Searcy, 111 Mo. 236. (3) The opinions of the Spring-
field Court of Appeals in the two Zehnder cases are in
harmony with and are supported by the cases of State
v. Campbell, 137 Mo. App. 105, and State v. Gallatin,
161 S. W. 848. (4) The allegation in respect to the
Local Option Law being in force, of necessity includes
the fact that it had been adopted, and was sufficient.
State v. Rowell, 137 Mo. App. 620; State v. Hogle, 156
Mo. App. 336. The allegation is a statement of the ul-
timate facts, a sequence that followed from an elec-
tion held under the provisions of article 3, of chapter
63, which resulted against the sale of intoxicating liq-
uors within the boundaries of Phelps county, the order
of the county court declaring the result of the election,
and the publication of the result as required by law.
It is a statement of the last in a train of sequences
which resulted in the adoption of the law, and the put-
ting it in force throughout the county. It is a state-
ment of sequence which led to the end alleged, and in-
cludes all the preceding facts or steps required to put
the law in operation. State v. O'Brien, 35 Mont. 482.
It certainly included and was equivalent to a statement
that the law had been adopted by the people of Phelps
county. State v. Campbell, 137 Mo. App. 105; State v.
Gallatin, 161 S. W. 848; State v. Brown, 151 Mo. App.
349.

GRAVES, J.—*Certiorari* to the Springfield Court
of Appeals. To our writ the judges of that court have
made due return. From the record before us in the in-
stant case it appears that Albert Zehnder, Adalbert
Kolb and Fritz Diir, were convicted in the circuit court
of Phelps county, for the sale of liquor in violation
of the Local Option Law, then in force in said county.
From this judgment of conviction they appealed to the
Springfield Court of Appeals, and in that court the
judgment was affirmed as to Zehnder and Kolb, but
reversed and remanded as to Diir. The information

upon which the defendants in the circuit court were convicted reads:

"Corrie L. Arthur, prosecuting attorney in and for the county of Phelps, in the State of Missouri, informs the court that on the first day of April, 1913, and at all times hereinafter mentioned, the provisions of article 3, chapter 63, Revised Statutes 1909, known as the Local Option Law, was in full force and effect in the aforesaid county of Phelps, and that the defendants thereafter, to-wit, on the fifth day of December, 1913, at and in the said county of Phelps, did directly and indirectly sell intoxicating liquors, to-wit, one pint of beer at and for the sum of ten cents, and one pint of whiskey at and for the sum of ten cents, without then and there having a dramshop license or other legal authority authorizing them so to do, against the peace and dignity of the State.

"Prosecuting Attorney, Phelps County, Missouri.

"Corrie L. Arthur, prosecuting attorney, being sworn upon his oath, says that the above and foregoing information and the facts therein stated, are true according to his best knowledge, information and belief.

"Subscribed and sworn to before me, the undersigned notary public, this sixth day of December, 1913.
" (Seal)                    "CLARK C. BLAND,
                                "Notary Public."

The sufficiency of this information was challenged by motion to quash, motion for new trial and motion in arrest of judgment in the circuit court, and again challenged in the Court of Appeals, throughout the record there. That court held that the information was sufficient in language and in form, and that the verification thereto was good. This latter question as to the verification, whilst a live one in the Court of Appeals, is not such here. This, for the reason that it is not charged that the ruling of the Court of Appeals upon that matter is in conflict with any ruling of this

court. In the instant case it is charged that the ruling of the Court of Appeals as to the sufficiency of the information is in conflict with the ruling of this court in the cases of State v. Dugan, 110 Mo. l. c. 143, and State v. Searcy, 111 Mo. 236. The point made is that the information does not allege the adoption of the Local Option Law in Phelps county, and that the opinion of the Court of Appeals conflicts with the view of this court in regard to the sufficiency of the information. The issue is therefore sharp and pointed.

I. Counsel for respondents have gone to the different States and present an array of authorities bearing upon the sufficiency of the information in this case. Some of these go to the length that the court will take judicial notice of the adoption of such laws. But in *certiorari* of the kind and character involved here, we are not really concerned as to what the true rule should be, but are only concerned with what the

Conflict in
Opinions:
Certiorari.

rule is in Missouri, as established by this court prior to the time the Court of Appeals acted. The purpose of the writ of *certiorari* to an inferior appellate court, is to keep their rulings in harmony with our rulings upon the same subject, so that all appellate opinions may speak as with *one* voice upon any one particular question. It would hardly be expected in this kind of a case that we would quash the Court of Appeals judgment, if it was made clear that they had followed our latest ruling upon the identical question, although our ruling might be wrong. The Constitution requires these courts to follow our latest ruling, and we cannot convict them of error if they so do, whether we were right or wrong.

The sole question therefore is: Did the Springfield Court of Appeals do violence to one of this court's latest opinions, when it held that this information properly charged the adoption of the Local Option Law in Phelps county?

We are not concerned about there being a more logical or better pronouncement of the law elsewhere. That subject may be more properly urged in some case here regularly in the course of appellate practice. The sole question in this case we take up next.

II.  We are fully satisfied with the former holdings of this court as to what should be
**Local Option Law:** stated in an indictment or information
**Sufficient Charge of Adoption.** under the Local Option Law.  In State v. Searcy, 39 Mo. App. l. c. 399, THOMPSON, J., said:

"We hold that it is sufficient in such a case for the indictment to allege that the act of the Legislature approved April 5, 1887, known as the Local Option Law, has been duly adopted and was in force as the law of the State within the territory within which the offense is laid, at the date of the alleged offense, without reciting in detail the manner in which it was so adopted, which is merely the pleading of evidence.  So much of the indictment in the present case as went beyond this may, therefore, be rejected as surplusage; and the fact that it erroneously states the date of the act of the Legislature as April 5, 1888, instead of April 5, 1887, is of no importance, since there is but one act by that title and the clerical error is one which corrects itself."

This court, through MACFARLANE, J., in the case of State v. Dugan, 110 Mo. l. c. 143, approved the language used by Judge THOMPSON.  We then said:

"The indictment need only have alleged 'that the act of the Legislature approved April 5, 1887, known as the Local Option Law, has been adopted, and was in force as the law of the State,' within the city of Warrensburg at the date of the alleged offense, 'without reciting in detail the manner in which it was adopted.'  [State v. Searcy, 39 Mo. App. 393; State v. Prather, 41 Mo. App. 455.]"

We again approved this language from Judge Thompson, in the case of State v. Searcy, 111 Mo. 236, where that case reached this court upon a certification of the Court of Appeals. So that it may be said that this court is committed to the doctrine that the allegations of the information or indictment under the Local Option Law must be such as to aver the adoption of the law in the territory where the crime is committed and that said law was in force in the said territory. The allegation must be broad enough to cover not only the fact that the law had been previously adopted within the territory, but that it was in force therein at the time. This is true for the reason that after the adoption of the law, a notice must be published before it can go into effect. The law might be adopted by a proper vote and yet never be put in force by the proper notice. For this reason the allegation in the indictment or information must be broad enough to cover both ideas, i. e., (1) that the law has been previously adopted, and (2) that it was at the time of the alleged offense, actually in force. This is the Missouri rule as to the requisites of an indictment or information under the Local Option Law, and we see no good reason to depart from the rule. It is one which bespeaks fairness to the defendant, by advising him by the indictment or information just what crime he is called upon to defend. There being several laws under which sellers of liquor may be prosecuted, it is but right that the indictment or information should by appropriate language, indicate the crime intended to be charged.

The question in the case at bar is whether the charge in this information measures up to this rule approved by this court in the cases, supra. It does not in specific terms allege the previous adoption of the Local Option Law in Phelps county. The language of the information is: "On the first day of April, 1913, and at all times hereinafter mentioned, the provisions of article 3, chapter 63, Revised Statutes 1909, known as the

Local Option Law, was in full force and effect in the aforesaid county of Phelps." We think this language is broad enough to make the information good within the approved rule of pleadings in this court. The Court of Appeals so held after a review of our cases, and we think that their ruling was correct, and in nowise conflicts with the cases cited.

The same strictness of pleading in misdemeanors is not required as is required in felonies. This information averred in proper terms that the Local Option Law was in force in Phelps county at the date of the alleged offense. This allegation of said law being in full force and effect includes the idea of its previous adoption. It could not be in full force and effect unless it had been previously adopted. So that we say that the allegation in this information is equivalent to saying that the Local Option Law had been previously adopted in Phelps county, and at the date of the alleged crime, was then in force in said county. If such is the fair interpretation of the language of this information (and we think it is) then the ruling of the Court of Appeals in so holding does no violence to any previously ruled case in this court. With these views it follows that our writ of *certiorari* heretofore issued in this cause should be quashed as having been improvidently issued. It is so ordered.

All concur; *Bond, J.,* in result only.