WILLIAM LEAVEA v. SOUTHERN RAILWAY COMPANY, Appellant.

Division One, December 2, 1915.

WITNESS: Competency: Tort: Death of Tortfeasor. Section 6354, Revised Statutes 1909, declaring that where one of the original parties to a cause of action in issue and on trial is dead, the other party to such cause of action shall not be admitted to testify, applies to actions *ex delicto;* and, therefore, where plaintiff sues a railroad company to recover damages on account of personal injuries claimed to have been inflicted upon him, in the form of an assault, by an alleged agent of defendant, while acting within the scope of his employment, and thereby created the cause of action, and said agent is dead at the time of the trial, the plaintiff is not permitted under the statute to detail in evidence his version of the controversy and the assault made upon him. [Approving Leavea v. Southern Railroad Co., 171 Mo. App. 24, and disapproving Drew v. Wabash Ry. Co., 129 Mo. App. 459.]

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED (*with directions*).

*Samuel B. McPheeters* for appellant.

*Frank A. Thompson* for respondent; *Guy A. Thompson* of counsel.

RAILEY, C.—Plaintiff brought suit in the circuit court of the city of St. Louis, Missouri, to recover damages on account of injuries, claimed to have been inflicted upon him, in the form of an assault, by an alleged agent of defendant, while acting within the scope of his employment. Since said assault, and before the trial in the circuit court, the alleged agent, Teague, departed this life.

Notwithstanding the prior death of Teague, who is charged with having made the assault and thus created the cause of action, plaintiff was Competency permitted, over the objection and excep- of Witness. tion of defendant, to detail in evidence, at the trial, his version of the controversy and the assault made upon him. To the offer of this evidence concerning all that was said and done by Teague, defendant's alleged agent and watchman at the time, an objection and exception was interposed, on the ground that Teague, the other party to the transaction in issue and on trial, was dead. The trial court overruled said objection and permitted plaintiff to testify as to what was said and done between himself and Teague.

Upon the trial in the circuit court, the jury returned a verdict in favor of plaintiff for $999, as compensatory damages, and $1000 as exemplary damages, and judgment was entered accordingly. Defendant filed a motion for new trial and in arrest of judgment in due time. The trial court ordered a *remittitur* so as to reduce the compensatory damages to $500 and the exemplary damages to same amount. Thereupon the court, after a *remittitur* was entered, rendered judgment for $1000, and overruled defendant's motion for a new trial and in arrest of judgment. The case was duly appealed to the St. Louis Court of

Appeals, and the latter reversed and remanded the cause, on the ground that the trial court erred in permitting plaintiff to testify, over defendant's objection, to the transactions and conversations which occurred between himself and Teague, after the latter had died.

The opinion of the Court of Appeals was written by Judge NORTONI, and concurred in by each of the other judges of said court. The latter, deeming the conclusion reached, to be in conflict with the opinion of Judge BROADDUS, in Drew v. Wabash R. R. Co., 129 Mo. App. 459, on identically the same question, certified the case to this court, as provided by law under such circumstances. Counsel for appellant, at the oral argument of said cause here, announced with commendable fairness, that the only question before us was whether the *testimony* of plaintiff in regard to the transactions and conversations between himself and Teague, was *competent* under our statute.

The controversy is thus narrowed down to a construction of section 6354, Revised Statutes 1909, which reads as follows:

"No person shall be disqualified as a witness in any civil suit . . .; Provided, that in actions where one of the original parties to the contract *or cause of action in issue and on trial* is dead, or is shown to the court to be insane, the other party to such contract *or cause of action* shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him."

We have carefully examined the opinion of Judge BROADDUS in the Drew case supra, in connection with many other authorities in respect to the same subject, and have been unable to reach the conclusion, that the disqualification called for in the above section of our statute does not apply in actions *ex delicto*. We can conceive of no good reason for applying the provisions of said section to actions upon contract, which

would not apply with equal force to circumstances like those in the case at bar. We are therefore of the opinion, that the Drew case does not properly declare the law in respect to the foregoing matter and should not be followed.

The opinion of the St. Louis Court of Appeals herein, is reported in 171 Mo. App. 24 et seq. It contains a full statement of the case and presents an able review of the principles of law in regard to the matter under consideration. The conclusion reached by the above court, in its treatment and disposition of this cause, is accordingly affirmed.

In the recent case of Eaton v. Cates, 175 S. W. l. c. 953, we construed section 6354, supra, in accordance with the views of the St. Louis Court of Appeals supra. Cogent reasons for observing the above construction of said section of our statute will be found discussed in Chandler v. Hedrick, 187 Mo. App. l. c. 670; Diggs v. Henson, 181 Mo. App. 34; Bone v. Friday, 180 Mo. App. 577, 581; Taylor v. George, 176 Mo. App. l. c. 222-3; Leavea v. Railroad, 171 Mo. App. l. c. 27; Lieber v. Lieber, 239 Mo. 1; Williams v. Edwards, 94 Mo. 447, as well as other cases in this State.

The judgment of the St. Louis Court of Appeals is therefore affirmed, and the cause reversed and remanded with directions to the circuit court to proceed with the case in accordance with the views here expressed.

*Brown, C.,* not sitting.

PER CURIAM.—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.