**M. Florence FETTE, Appellant,**

**v.**

**The CITY OF ST. LOUIS, a Municipal Corporation, Respondent.**

**No. 49360.**

Supreme Court of Missouri,

Division No. 1.

March 11, 1963.

Motion to Transfer to Court En Banc Denied April 8, 1963.

William B. Ewald and Forrest Boecker, St. Louis, for appellant.

Thomas J. Neenan, City Counslor, James J. Gallagher, Associate City Counselor, St. Louis, for respondent.

HYDE, Judge.

Action for $25,000.00 damages for wrongful death of plaintiff's husband, a city

fireman killed while on duty fighting a fire in a building. The suit was against the owners and occupants of the building and the City. The trial court sustained the City's motion to dismiss as to it on the ground of failure to state facts upon which relief can be granted. The court also granted plaintiff a separate trial against the owners and occupants and ordered that its ruling as to the motion to dismiss be deemed a final judgment for the purpose of appeal pursuant to Supreme Court Rule 82.06, V.A.M.R. Plaintiff has appealed from that judgment.

■ Plaintiff briefs the case on the theory that the dismissal was because of the doctrine of governmental immunity. The City has filed a motion to dismiss the appeal, claiming governmental immunity was not the issue determined by the trial court. However, the trial court's order did not specify any ground and the City's motion stated no reason why plaintiff's petition did not state a claim. Likewise, the City's suggestions in support of its motion filed here do not give us any information about any other ground so its motion to dismiss the appeal is overruled. Nevertheless, since the City says it does also rely on the defense of governmental function (including cases on that subject in its suggestions) and plaintiff seeks to have the doctrine of governmental immunity abrogated at least insofar as it applies to municipalities as employers, we will decide the case on that issue. No contention is made that fire fighting is not a governmental function. See Richardson v. City of Hannibal, 330 Mo. 398, 50 S.W.2d 648, 84 A.L.R. 508.

Plaintiff cites the following cases from other states, saying we should follow them. Muskopf v. Corning Hospital District, 11 Cal.Rptr. 89, 359 P.2d 457; Hargrove v. Town of Cocoa Beach (Fla.), 96 So.2d 130; Molitor v. Kaneland Community Unit District No. 302, 18 Ill.2d 11, 163 N.E.2d 89, 86 A.L.R.2d 469; Williams v. City of Detroit, 364 Mich. 231, 111 N.W.2d 1; Spanel v. Mounds View School Dist. No.

621 (Minn.), 118 N.W.2d 795; McAndrew v. Mularchuk, 33 N.J. 172, 162 A.2d 820; Holytz v. City of Milwaukee, 17 Wis.2d 26, 115 N.W.2d 618. The view we have taken, stated in Brown v. City of Craig, 350 Mo. 836, 168 S.W.2d 1080, 1084, and recently restated in Gillen v. City of St. Louis, Mo., 345 S.W.2d 69, 73, is as follows: "This whole doctrine of governmental immunity has been increasingly criticised. However, such nonliability is based not merely on the ancient view that the king can do no wrong, as frequently suggested; but also upon the principle that public officers have no authority to bind the sovereign (the whole people) except such as is given them by specific constitutional and statutory provisions. The general rules of respondeat superior cannot be applied to them without opening up unlimited possibilities for wasteful and dishonest dissipation of public funds. While the complexity of modern government may require a relaxation of present rules of absolute nonliability, undoubtedly this is a matter for the Legislature (which must authorize the collection and disbursement of public funds) to provide in the interest of more complete justice to the individual but under strict regulations and with very definite limitations to protect the public interest." See also Pearson v. Kansas City, 331 Mo. 885, 55 S.W.2d 485, and cases therein cited.

We think the above-cited recent Minnesota case shows why this is properly a matter for the legislature. The court reviewed the origin of the doctrine in England and in the United States and applied it in the case before it but held prospectively "the defense of sovereign immunity will no longer be available to school districts, municipal corporations, and other subdivisions of government on whom immunity has been conferred by judicial decision with respect to torts which are committed after the adjournment of the next regular session of the Minnesota Legislature." (118 N.W.2d l.c. 796.) The court stated the following suggested proposals that the legislature might adopt to meet

the situation created by its abrogation of the doctrine (118 N.W.2d l.c. 804): "(1) A requirement for giving prompt notice of the claim after the occurrence of the tort, (2) a reduction in the usual period of limitations, (3) a monetary limit on the amount of liability, (4) the establishment of a special claims court or commission, or provision for trial by the court without a jury, and (5) the continuation of the defense of immunity as to some or all units of government for a limited or indefinite period of time."

■ If such legislation is required by the abrogation of this doctrine, and we think it is, it is our view that the whole matter should be left to the legislature. From the review of cases from other states in the opinion in the Minnesota case, we note that after the California decision, hereinabove cited: "The California legislature promptly declared a moratorium on this and other claims similarly situated." (118 N.W.2d l.c. 800.) Likewise, it is stated that after the Illinois decision above cited: "The Illinois Legislature responded promptly by reinstating tort immunity with respect to. a number of subdivisions of government." (118 N.W.2d l.c. 801.) All this confirms our view that whatever is done to change the doctrine of governmental immunity should be done by the legislature and not by the courts. (We have a precedent for legislative action in the Federal Tort Claims Act, U.S.C.A. Title 28, Chap. 171, Secs. 2671–2680, which has been followed in some states. See Annotation, 60 A.L.R.2d 1199.) It will be necessary to use public funds to settle claims or pay judgments and only the legislature can properly provide for their collection by taxation, authorize expenditures for liability insurance, create methods of payments similar to workmen's compensation or establish the other safeguards suggested in the opinion of the Minnesota Supreme Court. Our governmental units are all now operating financially on the basis of our long established precedents and our

conclusion is that we should not abolish this doctrine by judicial fiat.

The judgment is affirmed.

All of the Judges of the Division and STONE, Special Judge, concur.

On Motion to Transfer to Court en Banc

PER CURIAM.

■ Plaintiff asks transfer to the Court en Banc apparently claiming that a federal question is involved. Plaintiff's argument is that it is a denial of equal protection of the laws in violation of Sec. 1 of the 14th Amendment to the U. S. Constitution to deny recovery to city employees engaged in work which is a governmental function when city employees engaged in work which is a proprietary function are allowed recovery. Plaintiff's petition stated: "To deny to decedent the enforcement of said duty owed him by defendant City would deprive decedent, and plaintiff as his successor, of a valuable incident of decedent's employment without due process of law, in violation of Article I, Section 10 of the Constitution of Missouri, and in violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States, would create an arbitrary and unreasonable classification of decedent's employment."

However, this is a wrongful death action and not an employee's action for his personal injuries or the survival of any such action. It is a new, independent cause of action and is neither a transmitted right nor a survival right. State ex rel. Thomas v. Daues, 314 Mo. 13, 283 S.W. 51, 56, 45 A.L.R. 1466; Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, 923; Nelms v. Bright, Mo.Sup., 299 S.W.2d 483, 487. Thus there is no denial to decedent, or to anyone claiming through any right of his, of due process or equal protection of the laws; and that is the only

claimed constitutional right attempted to be raised in plaintiff's petition. Furthermore, the governmental immunity rule is not a classification of employees but a principle determining liability of the state, and its subdivisions exercising governmental authority, to all persons. Therefore, the motion to transfer to the Court en Banc is overruled.