Harvey **MYERS** and Hazel **Myers**,
Appellants,

v.

**David L. GRIFFITH, Respondent.**

No. 57160.

Supreme Court of Missouri,
Division No. 1.

June 11, 1973.

———◆———

Downs & Pierce, Don Pierce, St. Joseph,
for appellants.

Brown, Douglas & Brown, R. A. Brown,
St. Joseph, for respondent.

SEILER, Judge.

Plaintiffs appeal from a jury verdict and judgment for defendant in an action for $50,000 damages for the wrongful death of their son, who, while sledding, was struck by defendant's automobile at a street intersection in St. Joseph. Since the appeal was pending here on January 1, 1972, we have jurisdiction based on amount in controversy.

Plaintiffs' sole point on appeal is that Sec. 491.010, RSMo 1969, the dead man's statute, should have been applied by the trial court to prevent defendant from testifying to the facts of the accident, as being matters which decedent could have refuted if alive, relying on Fellows v. Farmer, 379 S.W.2d 842 (Mo.App.1964).

The Fellows case is not applicable to the case at bar. That case involved an action where plaintiff sought recovery for her husband's wrongful death from the estate of the tortfeasor. The defendant administrator objected to testimony by plaintiff as to her husband's occupation and earnings. The court properly allowed this testimony since it did not involve any "transaction" between plaintiff and the wrongdoer which the wrongdoer could have refuted if alive, even though in the Fellows case one of the original parties to the cause of action (that is, the alleged tortfeasor who would have been the defendant in the wrongful death action for the death of plaintiff's husband) had died.

The case at bar is controlled by the long standing decisions of State ex rel. Thomas v. Daues, 314 Mo. 13, 283 S.W. 51 (banc 1926) and Freeman v. Berberich, 332 Mo. 831, 60 S.W.2d 393 (1933), holding respectively, that the wrongful death action is separate and distinct from any cause of action the decedent might have had, and that the statute applies in tort actions only where one of the actual parties to the cause of action in issue and on trial is deceased. In the instant case we have a wrongful death action and the parties to the cause of action are all living, so there is nothing on

which the statutory disqualification operates. Hardy and Dods, The Dead Man's Statute—What Does It Mean in Missouri, Sources of Proof (MoBarCLE) 155, 165 (1961).

Plaintiffs make the additional argument that since the law is that the contributory negligence of the deceased would bar the claim of the plaintiffs in this case, the defendant tortfeasor should not be permitted to testify to acts of contributory negligence of the deceased, as this would permit defendant "to have his cake and eat it too." To adopt this argument would change the substantive law as to contributory negligence by making it applicable only when the party against whom it is being used has a witness who can refute it, which, of course we do not undertake to do.

The judgment is affirmed.

All of the Judges concur.